IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDGARDO MALDONADO-ARCE,<br><br>Plaintiff<br>v.<br><br>WORKER'S COMPENSATION BOARD, et al.,<br><br>Defendants | CIVIL NO. 09-1174 (SEC) |

**OPINION AND ORDER**

Before this Court is a motion (Docket # 1) filed by Plaintiff, Edgardo Maldonado-Arce (hereinafter "Maldonado"), praying to proceed *in forma pauperis* under 28 U.S.C. Section 1915(a). The motion is accompanied by the instant Complaint (Docket # No. 2), dated February 20, 2009.

The highly confusing pleadings made in this case suggest that it is a diversity action against the State of New York Workers Compensation Board. Plaintiff alleges that for the last 10 years he has been entitled to payments from the Workers Compensation board, but that said agency has not fulfilled its legal obligations to him. See Docket # 2. It appears from the face of the complaint that the alleged accident, and worker's compensation claim in question, occurred in Buffalo, New York. As such, the proper venue for the case is the United States District Court for the Western District of New York. See 28 U.S.C. Section 1391(b). Therefore, this Court has the jurisdiction to dismiss this case without prejudice on venue grounds. 28 U.S.C. Section 1406(a).

However, a nearly identical claim also filed by Plaintiff was recently dismissed with prejudice for presenting an ". . . undisputedly meritless legal theory." Maldonado-Arce v. Worker's Compensation Board, No. 09-1095 (D.P.R. Feb. 12, 2009)(citing González-González v. U.S.A., 257 F.3d 31 (1st Cir. 2001)). There the court based its decision on 28 U.S.C. § 1915(e), which allows for a case litigated *in forma pauperis* to be dismissed at any time "if satisfied that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." See Maldonado-Arce, No. 09-1095 at 1. Accordingly, there is basis for dismissal if the claim proffers an indisputably meritless legal theory that lacks a basis in the law. Neitzke v. Williams, 490 U.S. 319, 327 (1989). This Court understands that the present action presents incomprehensible and frivolous allegations.

    Maldondado's claim is as follows:

    I = Edgardo Maldonado-Arce are requesting a hearing by jury because I have been waiting for 10 years without a compensation money that I am entitle and the Board do not give you in off legal advice and they are not in the injurys worker's side.

Plaintiff clearly fails to state a cogent legal theory, and also virtually repeats the allegations included in his prior action.

Because of the similarity between this and Maldonado's prior action, an examination of the doctrine of *res judicata* is merited. When the judgment for a prior case is "entered by a federal court exercising federal question jurisdiction, the applicability of res judicata and collateral estoppel is a matter of federal law." See Ramallo Bros. Printing, Inc. v. El Dia, Inc.,

CIVIL NO. 09-1174                              -3-

490 F.3d 86, 89 (1st Cir.2007). The requirements for federal *res judicata* in the First Circuit are:

> (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions.

Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33 (1st Cir. 2004)(citing Banco Santander de P.R. v. Lopez-Stubbe(In re Colonial Mortgage Bankers Corp.), 324 F.3d 12, 15 (1st Cir. 2003)(internal quotation marks omitted). Maldonado's previous federal case, dismissed less than a week before the filing of this action, against the New York State Worker's compensation board was dismissed due to its sparsity of details and the absence of any cognizable theory for recovery. The issues and parties raised in the present complaint are identical to said action, where final judgment with prejudice was entered on February 13, 2009. See Maldonado-Arce, No. 09-1095 (Docket # 8). As such, dismissal on *res judicata* grounds is appropriate.

After an examination of the Compliant (**Docket # 2**), and the applicable legal standards, this Court holds that Plaintiff's complaint is frivolous under the standard set forth above, filed in an improper venue, and also precluded by *res judicata*. The complaint is hereby **DISMISSED WITH PREJUDICE**. Plaintiff's Motion to Proceed in Forma Pauperis is **DENIED** and he is **ORDERED** to pay all costs associated with this action. Judgment shall be entered accordingly.

**SO ORDERED.**
In San Juan, Puerto Rico, this 25th day of February, 2009.

CIVIL NO. 09-1174 -4-

                                              *S/Salvador E. Casellas*
                                              SALVADOR E. CASELLAS
                                              U.S. SENIOR DISTRICT JUDGE